```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SANDOR RADAI and MICHAEL O'BRIEN,<br><br>        Plaintiffs,<br><br>    v.<br><br>FIRST TRANSIT and FIRSTGROUP AMERICA COMPANY, FIRSTGROUP AMERICA and JOHN DOES (1-5),<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-6810<br>      (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

O'BRIEN, BELLAND & BUSHINSKY, LLC.
By:  Robert F. O'Brien, Esq.
1526 Berlin Road
Cherry Hill, NJ 08003
    Counsel for Plaintiffs

JACKSON & LEWIS, LLP.
By:  Gregory T. Alvarez, Esq.
East Tower, 7th Floor
220 Headquarters Plaza
Morristown, NJ 07960-6844
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    Plaintiffs Sandor Radai and Michael O'Brien (collectively, "Plaintiffs") bring this action claiming wrongful termination by their employer, First Transit, FirstGroup America Company and FirstGroup America (collectively, "Defendants").[1]  Pending before

---

[1] The Complaint alleges that Plaintiffs were employed by "First Transit, a division of FirstGroup America Company and FirstGroup America."

1

the Court is Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Motion will be granted.

**I.**

Plaintiffs were employed as mechanics at Defendants' facility in Pennsauken, New Jersey. (Compl. First Count ¶ 1) Both Plaintiffs became involved in a campaign to be represented by a labor organization for collective bargaining purposes, and signed union authorization cards on April 22, 2009. (*Id.*)

On May 19, 2009, Plaintiffs were filmed on security cameras dismantling a wooden pallet owned by another worker. (*see* Exhibit A, Report of the Independent Monitor p. 6) In addition, O'Brien was accused of stealing a cereal bar from the same employee. (*Id.* at 9). The managers of the plant subsequently terminated Radai on June 1, 2009 and O'Brien on June 2, 2009 because "a level of trust had been breached". (Exhibit A, Report of the Independent Monitor p. 11)

Plaintiffs filed a complaint with the Independent Monitor, an internal factfinder created by Defendants to adjudicate such disputes, alleging that management's justification for their termination was pretextual, and that Defendants terminated Plaintiffs because of their union organizing activities. (*see* Exhibit A, Report of the Independent Monitor pp. 1-2) On July

2

13, 2009, the Independent Monitor found that Defendants terminated Plaintiffs because of their union activities, and that the termination was therefore wrongful under Defendants' Freedom of Association Policy ("FOA Policy"). (Compl. First Count ¶ 4) Though a copy of the FOA Policy is not included in the pleadings, the Independent Monitor quotes portions of the policy in his report.  Neither party disputes that the objective of the FOA Policy "is for the company 'to refrain from management conduct, whether written or verbal, which is intended to influence an employee's view or choice with regard to labor union representation.'" (Exhibit A, Report of the Independent Monitor p. 3).   The Independent Monitor held that Plaintiffs should be reinstated with full back pay and interest to their former employment with the Defendants. (*Id.*)  Defendants allegedly did not comply with the order of the Independent Monitor. (Compl. Second Count ¶ 2)

   Plaintiffs' Complaint, filed on November 12, 2010 in Camden County Superior Court, asserts that Plaintiffs were wrongfully terminated in violation of Defendants' Freedom of Association policy. (Compl. First Count ¶ 6)  Plaintiffs seek to enforce the decision of the Independent Monitor.  (Compl. First Count "whereas clause")

   Defendants timely removed the suit to this Court, and now

move to dismiss the Complaint.[2]

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] The Court exercises diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

Defendants move to dismiss, asserting that the Plaintiffs' claims are preempted by the National Labor Relations Act, 29 U.S.C. §§ 151-169, ("NLRA" or "Act") and that this Court must therefore defer to the exclusive jurisdiction of the National Labor Relations Board ("NLRB" or "Board") and dismiss the Complaint. Plaintiffs argue that their action is based on a breach of implied contract claim that is peripheral to the concerns of the NLRA and is therefore not preempted. The Court holds that Plaintiffs' claim is preempted by the NLRA, and will dismiss the Complaint.

In 1935, Congress enacted the NLRA in order to "prevent the

disturbance to interstate commerce consequent upon strikes and labor disputes induced or likely to be induced because of unfair labor practices." *Nat'l Labor Relations Bd*. v. *Fainblatt,* 306 U.S. 601 (1939). Section 7 of the NLRA protects the rights of employees to participate in labor organizations and collective bargaining. 29 U.S.C. § 157. Section 8 prohibits labor practices that interfere with the rights enumerated in Section 7 and prohibits practices that encourage or discourage membership in a labor organization. 29 U.S.C. § 158.

The NLRA also created the NLRB, and gave that body jurisdiction over labor disputes. *Guss* v. *Utah Labor Relations Bd.,* 353 U.S. 1, 2 (1957).

It is not always clear whether a particular activity falls under Section 7 or Section 8 of the NLRA. When such a question is involved, in order to avoid conflicts of law, the Supreme Court has ruled that "courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the [NLRB]." *San Diego Building Trades Council v Garmon*, 359 U.S. 236, 244-45 (1959). Thus, state claims arising out of labor disputes covered by the Act are preempted by the NLRA.

A claim is preempted "when it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by [§] 7 of the National Labor Relations Act, or

6

constitute an unfair labor practice under [§] 8." *Garmon*, 359 U.S. at 244; *see also Violas v General Motors Corp.,* 170 F.3d 367, 378 (3d Cir. 1999)(stating that "*Garmon* preemption protects the exclusive jurisdiction of the NLRB over unfair labor practice proceedings; accordingly, if a cause of action implicates protected concerted activity under section 7 of the NLRA or conduct that would be prohibited as an unfair labor practice under section 8 of the NLRA, the cause of action is preempted."). As long as the activity at issue is "arguably subject" to Sections 7 or 8, the claim is preempted. *Garmon*, 359 U.S. at 245.

Plaintiffs contend that they were wrongfully terminated because of their pro-union activities. Section 7 of the NLRA protects the right of employees to "self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. Plaintiffs' participation in a campaign to seek labor organization representation is clearly protected conduct under Section 7. Plaintiffs' claim that the termination was wrongful because Defendants were acting to hinder labor organization within the plant. While it appears such alleged conduct may violate the Defendants' FOA Policy, it also violates the NLRA.

7

Section 8 of the NLRA prohibits labor practices that "interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7... or discriminat[e] in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158. Defendants' alleged conduct is clearly conduct prohibited under Section 8. As the Plaintiffs' claim is subject to sections 7 and 8 of the NLRA, the claim is preempted.

Plaintiffs argue that Defendants violated their own FOA Policy, and that the Complaint therefore centers around a breach of implied contract claim, rather than a wrongful termination claim under the NLRA. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss pp. 2-3) Plaintiffs assert that the breach of implied contract claim is of only peripheral concern to the NLRA because the Act does not concern itself with contractual causes of action. Therefore, according to the Plaintiffs, the claim should escape preemption. *See Garmon,* 359 U.S. at 243-44 (finding that if the conduct in question is of only "peripheral concern" to federal labor relations law the NLRB does not have exclusive jurisdiction). However, no matter the legal theory Plaintiffs espouse, their claim at its core, is that Defendants terminated them for their union activities. Such conduct is clearly within the purview of the NLRA.

Accordingly, Plaintiffs' claim is preempted and Defendants' Motion to Dismiss will be granted.

**IV**.

For the reasons stated above, Defendants' Motion to Dismiss will be granted.  An appropriate Order accompanies this Opinion.

Dated: May 25, 2011

    s/ Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**